**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-7657**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TAMMIE DESCHELL DIGGS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-92-48-P, CA-96-55-3-P)

---

Submitted: July 22, 1997          Decided: September 3, 1997

---

Before HALL and MURNAGHAN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Tammie Deschell Diggs, Appellant Pro Se. Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions in which the United States is a party have sixty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on May 3, 1996; Appellant gave her notice of appeal and motion to extend the appeal period to prison officials on October 11, 1996, which is beyond the sixty-day appeal period. Although the district court granted Appellant's motion to file a late appeal, we find that the district court did not have authority to do so because the motion was filed more than thirty days after the expiration of the appeal period. See Fed. R. App. P. 4(a)(5). Moreover, as Appellant failed to explain in her motion why she did not timely appeal the May 3 order, we find that there was no basis for reopening the appeal period under Fed. R. App. P. 4(a)(6).

Appellant's failure to note a timely appeal or properly obtain an extension of the appeal period leaves this court without juris-

diction to consider the merits of Appellant's appeal. We therefore deny Appellant's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>